E-FILED
Tuesday, 16 October, 2018  11:47:23 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| AMANDA MAXWELL BURGER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-CV-3119 |
| ) | |
| COUNTY OF MACON, a unit of local ) | |
| government and ALBERT JAY SCOTT, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, Amanda Maxwell Burger, filed her First Amended Complaint (#3) against Defendants Macon County and Albert Jay Scott on May 29, 2018.  On July 30, 2018, Defendants filed their Motion to Dismiss (#12), to which Plaintiff filed her Response (#17) on August 15, 2018.  For the following reasons, Defendants' Motion to Dismiss (#12) is GRANTED.

## BACKGROUND

The following background is taken from the allegations in Plaintiff's Amended Complaint.  At this stage of the proceedings, the court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor.  *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016).

Plaintiff was hired by the Macon County State's Attorney's Office (MCSAO) on March 17, 2010, and remained employed there until May 20, 2016, when her employment was terminated.  During her tenure with MCSAO she received various

promotions including service as the ARI Program Administrative Assistant, Preliminary Administrative Assistant, Felony Unit Administrative Assistant, and the Personnel Director. Plaintiff "executed an acknowledgment of the Macon County Employee Handbook," which she alleges governed her employment. The Macon County Employee Handbook ("the Handbook") provisions promised Plaintiff an environment free of discrimination, harassment, and/or retaliation.

Defendant Scott was, at all relevant times, the elected State's Attorney of Macon County. Nichole Kroncke was an Assistant State's Attorney of Macon County. As an employee of the office, Kroncke was provided with a cellular phone owned by the County and monitored in accordance with the County's cellular and electronic transmission monitoring system. Kim Tarvin was another employee of MCSAO. Both Kroncke and Tarvin were subject to the provisions of the Macon County Employee Handbook.

On September 11, 2015, Plaintiff reported to State's Attorney Scott that Assistant State's Attorney Kroncke had violated certain provisions of the Handbook prohibiting the disclosure of confidential information of employees of Macon County. In particular, Plaintiff advised Scott that Kroncke had transmitted confidential and private information of a former employee to other County employees in violation of the Handbook. In addition, Plaintiff notified Scott that Kroncke had violated Illinois statutory provisions protecting employee confidential information, including but not limited to the provisions of the Illinois Right to Privacy In the Workplace Act (820 Ill.

Comp. Stat. 55/1 et seq.).  Plaintiff also notified Scott that Kroncke had violated other Illinois laws protecting employees from discrimination, harassment, and retaliation.  In particular, Plaintiff advised Scott that Kroncke had terminated MCSAO employees in a manner in violation of the provisions of the Handbook and also in violation of federal and state laws prohibiting discrimination and harassment of employees based on certain protected characteristics.

After this conversation, Scott informed Kroncke that Plaintiff had informed him of various asserted federal and state law violations committed by Kroncke.  Kroncke had the power to hire and fire MCSAO employees, including Plaintiff.  Kroncke had been on a leave of absence from September 14, 2015, to January 4, 2016, but after her return, she targeted Plaintiff and together with Scott created a work environment that was hostile, threatening, and retaliatory towards Plaintiff.

In particular, Plaintiff alleges Kroncke did the following: (1) isolated Plaintiff from business meetings when she would have had a legitimate expectation of being present; (2) ignored chain of command and encouraged other Macon County employees to avoid honoring the chain of command; (3) instructed employees of the MCSAO to forego communicating with Plaintiff; (4) excluded Plaintiff from receipt of certain communications Plaintiff would have a right to receive; (5) exhibited hostility toward Plaintiff in front of employees subordinate to Plaintiff; (6) referred to Plaintiff as a "pot

head" and "drug addict"; and (7) otherwise demeaned Plaintiff and her reputation. Plaintiff alleges that these actions were due to Scott's disclosure to Kroncke that Plaintiff had reported Kroncke's alleged unlawful acts to Scott.

In addition to reporting Kroncke's acts to Scott, Plaintiff also reported the workplace harassment and Macon County Employee Handbook policy violations to Macon County human resources personnel in February 2016. As a result of Kroncke and Scott's acts, Plaintiff sought assistance through the Macon County Employee Assistance Program (EAP) beginning in February 2016. As a consequence of Kroncke and Scott's actions, and the inaction of Macon County to ensure a work environment free of harassment and retaliation, Plaintiff had to undergo professional counseling and seek medical treatment.

Plaintiff further alleges that Macon County ignored violations of law committed by Kim Tarvin, despite reports that Tarvin was performing election work for Scott during periods when she was employed by Macon County and being paid wages by Macon County. Plaintiff claims that Tarvin's acts were illegal and in violation of state and federal law prohibiting the use of government funds for promotion of candidates for election or re-election.

There is a provision in the Handbook that states that an employee must notify their employer "within 24 hours if the employee or a member of the employee's family or household is a targeted subject of an investigation by law enforcement, is arrested, charged or convicted of any unlawful conduct, or is named as a defendant in a civil

lawsuit." Plaintiff married her husband in 2015. She was not married to him in 2010 when she was hired by MCSAO. They have two children together.

In approximately 2009, Plaintiff's husband was convicted of a felony drug offense in the state of Wyoming. Subsequent to his conviction, her husband served out his imposed sentence. Thereafter, he had no further incidents with any police authority, including in Macon County, and he was not under investigation, suspicion, or arrest for any crime after 2009 to the date of Plaintiff's termination of employment by MCSAO on May 20, 2016.

On May 19, 2016, Plaintiff was called into a meeting with Macon County Corporate Counsel Edward Flynn, Kroncke, and Scott. She was advised that due to her association with her husband, a previously convicted felon, her employment with the MCSAO was terminated effective immediately. Thereafter on May 20, 2016, Macon County completed a "Macon County Employee Status Change Sheet" advising Plaintiff that her employment was terminated as of that date.

Plaintiff alleges that Macon County's asserted reason for Plaintiff's termination, her association with her husband, was a pretext for illegal harassment and retaliation. In particular, Macon County's termination of her employment was in retaliation for her report of the illegal acts of Kroncke, Scott, and others to Macon County authorities, including but not limited to the Human Resources Department.

5

*Counts Alleged*

Count I of Plaintiff's Amended Complaint alleges common law retaliatory discharge.  Plaintiff alleges that senior Macon County officials knew or should have known that Kroncke and other MCSAO employees were engaging in actions against Macon County employees, including but not limited to Plaintiff, that were hostile, illegal, outrageous, malicious, and detrimental to the employees' well-being.  They also should have known that these actions were in violation of the Macon County Employees Handbook.  Plaintiff alleges that, despite the knowledge of Macon County Corporate Counsel Edward Flynn, she was terminated in violation of the provisions of the Handbook.

Count II alleges a violation of the Illinois Whistleblower Protection Act (740 Ill. Comp. Stat. 174/1 et seq.).  Plaintiff alleges that her termination violated the Whistleblower Act because she refused to participate in or otherwise overlook the illicit and illegal actions of Kroncke, Tarvin, and Scott.  As a consequence, she was retaliated against in the workplace and was eventually fired on May 20, 2016.

Count III is the only federal claim in the Amended Complaint, and alleges "42 U.S.C. § 1983 Violation of Right to Association."  Plaintiff again alleges she was exposed to a hostile and harassing workplace, and that the senior members of Macon County government should have or did know about it.  She alleges that her termination for the asserted reason that she was married to her husband, a convicted felon, was a violation of her constitutionally protected rights under the First Amendment to the U.S.

Constitution. Plaintiff alleges the MCSAO allowed other similarly situated employees to remain employed with the County and assigned to the MCSAO. These similarly situated employees were currently living with and associated with persons who had been arrested and convicted in Macon County for criminal offenses during the course of their employment with the County.

Plaintiff alleges that she did not commit any violation of the provision in the Employee Handbook that requires disclosure "within 24 hours if the employee or a member of the employee's family or household is a targeted subject of an investigation by law enforcement, is arrested, charged or convicted of any unlawful conduct, or is named as a defendant in a civil lawsuit." Plaintiff alleges her husband was not under suspicion, arrest, or charged or convicted of any unlawful conduct on or after she was hired by MCSAO on March 17, 2010, and continuing to May 20, 2016. Plaintiff alleges that her termination for associating with her husband is in violation of the Constitution, and is a further unconstitutional punishment of her husband beyond the sentence he already served.

Count IV alleges tortious interference with a current business relationship. Plaintiff alleges that Scott knew she had enjoyed a longstanding employment relationship with Macon County in September 2015 continuing on through May 20, 2016. Notwithstanding that knowledge of her business relationship with Macon County, Scott intentionally and with reckless disregard for her continued business relationship disclosed to one of Plaintiff's supervisors, Nichole Kroncke, that Plaintiff

had told him Kroncke had committed illegal, unethical, harassing, and retaliatory actions that were contrary to federal and state law.  Scott should have known at the time of the disclosure to Kroncke regarding Plaintiff's reports that it would lead to Plaintiff's termination.  Plaintiff had an expectation of continued employment and relationship with Macon County, and as a direct result of Scott's actions, that relationship was severed.

## ANALYSIS

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  These allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

*Count III: Freedom of Association*

Count III of the Amended Complaint clearly, and solely, pleads the violation of Plaintiff's right to intimate association with her husband against Defendant Macon County.[1]  Defendants argue that Plaintiff has failed to plead a constitutional deprivation and, further, that Plaintiff has failed to plead a basis for municipal liability against Macon County.

Constitutional Deprivation

The Constitution protects two forms of intimate association: (1) freedom of expressive association, which arises from the First Amendment and ensures the right to associate for the purpose of engaging in activities protected by the First Amendment; and (2) freedom of intimate association, which protects the right to enter into and maintain certain intimate human relationships.  *Montgomery v. Stefaniak*, 410 F.3d 933, 937 (7th Cir. 2005).  The freedom of intimate association receives protection as a

---

[1]Plaintiff's Response (#17) at pages 4-6 seems to possibly argue various constitutional claims, such as: (1) violation of Plaintiff's First Amendment rights for terminating her in retaliation for speaking out on a matter of public importance; (2) being deprived of a property interest in her continuing employment under the Fourteenth Amendment that had been established by the Employee Handbook; and/or (3) a claim of retaliation for engaging in a protected activity, *i.e.* reporting on Kroncke for firing people for improper purposes, such as race or gender.  The court will note that while Plaintiff pled facts alluding to such rights under the "General Allegations" portion of the Amended Complaint, they were not specifically plead as counts under the legal claims section.  A plaintiff cannot merely allude or hint at a claim, but must state clearly that she is making a claim and the legal basis for said claim.  The court considers the only actually pled federal claim in this case to be a claim for violation of the right to intimate association.  As such, the court will only entertain Count III of the Amended Complaint.

fundamental element of personal liberty, and as such is protected by the due process clauses. *Montgomery*, 410 F.3d at 937. Count III of the Amended Complaint makes clear that Plaintiff believes her constitutional rights were violated when she was terminated for either being married to a man who had a felony criminal conviction, or for not disclosing to Defendants that her husband had said conviction. Therefore, this will be analyzed as a claim concerning freedom of intimate association.

The court must consider whether Defendants interfered "directly" and "substantially" with Plaintiff's right to associate intimately. *Christensen v. County of Boone, Illinois*, 483 F.3d 454, 463 (7th Cir. 2007). If a fundamental right has been impaired, the court asks whether the governmental action can find "reasonable justification in the service of a legitimate governmental objective," or if instead it more properly is "characterized as arbitrary, or conscience shocking, in a constitutional sense." *Christensen*, 483 F.3d at 462, quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998).

The Seventh Circuit has stated that "being fired from a public job (after any hearing that may be required) does not create constitutional difficulties if it turns out that the ex-employee becomes moody and makes the family life miserable[,]" because the Constitution prevents fundamental rights from being *aimed at*, but does not prevent side effects that may occur if the government is aiming at some other objective. *Christensen*, 483 F.3d at 463.

Even if, assuming *arguendo*, the court were to find the government action directly and substantially interfered with Plaintiff's right to intimately associate with her husband, the court must still determine whether the government action "can find 'reasonable justification in the service of a legitimate governmental objective,' or if instead it more properly is characterized as arbitrary, or conscience shocking, in a constitutional sense." *Christensen*, 483 F.3d at 462, quoting *Lewis*, 523 U.S. at 846-47.

First, the court finds that the policy, as quoted by Plaintiff, could have a legitimate government interest.  It would be in the interest of a state employer to know immediately if an employee or family member was the target of a law enforcement investigation or had been arrested or convicted of a crime.  This could be important information for any number of reasons, ranging from workplace safety to liability issues.  This type of disclosure would be especially important in the context of a State's Attorney's office, which deals with sensitive and important legal and criminal justice issues.  Failure to disclose such information could expose the County to liability for any problems that arise and would concern the trust and confidence it has in the employee who failed to disclose.

Further, the court does not find the policy to be arbitrary or conscience shocking. Plaintiff alleges that other similarly situated employees were not terminated despite the fact that they were currently living and associating with persons who had been arrested and convicted by the MCSAO for criminal offenses occurring during the course of their employment with the MCSAO.  However, Plaintiff does not state whether or not those

11

employees disclosed the arrests and convictions to the County within 24 hours of their occurrence, which would place them in compliance with County policy. Plaintiff also does not state whether she *ever* informed the County of her husband's conviction. Thus, the court cannot say that Defendants' actions were arbitrary.

Nor can the court say Defendants' actions, as pled, "shock the conscience." The Supreme Court has held that "'only the most egregious' conduct" shocks the conscience. *Christensen*, 483 F.3d at 464, quoting *Lewis*, 523 U.S. at 846. For example, the U.S. Supreme Court has found that a death from a high-speed pursuit does not shock the judicial conscience even on the assumption that the pursuit was unnecessary and an arrest could have been effected in some other way. *Lewis*, 523 U.S. at 846. The Seventh Circuit has held that a sheriff's deputy repeatedly following a couple, both individually and together, while they drove on county streets, as well as parking his squad car in front of the woman's place of employment in order to watch her, did not shock the conscience. *Christensen*, 483 F.3d at 464.

The alleged government action in this case, terminating an employee because she married a convicted criminal and failed to disclose that fact to her employer within 24 hours of her knowledge of it, does not rise to the level of the actions in *Lewis* and *Christensen*, which were not found to shock the conscience. The court cannot say that the government action in this case qualifies as "the most egregious conduct." Defendants' motion is GRANTED on this claim.

*Supplemental Jurisdiction*

The granting of Count III of the Amended Complaint means there are no longer any federal claims remaining in this case, only Plaintiff's state law claims. A federal district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c).

When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims, which the plaintiff can then prosecute in state court. *Al's Service Center v. BP Products North America, Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). The Seventh Circuit's usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial. *Hagan v. Quinn*, 867 F.3d 816, 830 (7th Cir. 2017). Therefore, Plaintiff's state law claims are dismissed without prejudice with leave to refile in state court.

IT IS THEREFORE ORDERED:

(1)     Defendants' Motion to Dismiss (#12) is GRANTED. Count III of Plaintiff's Amended Complaint (#3) is dismissed. The remaining state counts are dismissed without prejudice with leave to refile in state court.

(2)    This case is terminated.


ENTERED this <u>16th</u> day of <u>October</u>, 2018.


s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE